## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EARTON SMITH (#305982)**                    **CIVIL ACTION NO.**

**VERSUS**                                             **19-441-JWD-SDJ**

**DONNA U. GRODNER**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 19, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARTON SMITH (#305982)                                CIVIL ACTION NO.

VERSUS                                                19-441-JWD-SDJ

DONNA U. GRODNER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of the *pro se* Plaintiff, Earton Smith. For the following reasons, the undersigned recommends the Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

I.    **Background**

Smith instituted this action pursuant to 42 U.S.C. § 1983 against Donna U. Grodner, alleging Grodner conspired with prison officials to interfere with Smith's constitutional rights, including his right of access to the courts.[1] Smith and Grodner exchanged correspondence regarding an incident of alleged excessive force occurring in August 2017. The correspondence allegedly included discussions of Grodner's potential representation of Smith.[2] However, Grodner eventually informed Smith that she would not be representing him in relation to his claims for alleged excessive force occurring in August 2017.[3] Smith requests monetary relief.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 11.
[4] R. Doc. 1, p. 13.

## II.    Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[5] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or

---

[5] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on July 12, 2019. (R. Doc. 3).
[6] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

### B. Smith fails to state a claim against Grodner

Smith alleges a conspiracy between Grodner and prison officials[16] and, in a conclusory fashion, that as a result of Grodner's actions, he has "been denied access to the courts."[17] "[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject

---

[10] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[11] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[12] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[14] *Id.*
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[16] Plaintiff has not named any prison officials as defendants.
[17] R. Doc. 1, p. 10.

3

to suit under § 1983."[18] However, "private attorneys who have conspired with state officials may be held liable under section 1983."[19] Smith reached out to Grodner, a private attorney, to seek her representation. As stated, private attorneys are not official state actors and are generally not subject to suit under § 1983,[20] but Smith alleges a conspiracy between Grodner and prison officials, including James LeBlanc.[21]

To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights."[22] Herein Smith only alleges in a conclusory fashion that Grodner conspired with prison officials.[23] The allegation of conspiracy between private and state actors requires more than conclusory statements.[24] "Allegations that are merely conclusory, without reference to specific facts, will not suffice."[25] Smith has failed to provide any factual allegations from which this Court could plausibly glean an allegation of conspiracy sufficient to render Grodner a state actor.[26] Accordingly, because Grodner is a private attorney and because Smith has not sufficiently alleged facts to support a conspiracy between Grodner and a state actor,

---

[18] *McGhee v. Bradshaw*, 127 F.3d 33, at *1 (5th Cir. 1997) (quoting *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).
[19] *Id.* (quoting *Mills*, 837 F.2d at 679).
[20] *Combs v. City of Dallas*, 289 Fed.Appx. 684, at *2 (5th Cir. 2008) (citing *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)).
[21] R. Doc. 1, p. 5.
[22] *Cinel v. Connick*, 15 F.3d 138, 1343 (5th Cir. 1994) (citations omitted).
[23] Smith appears to believe that the second step response to his grievance was purposefully not given to him by prison officials. (R. Doc. 1, pp. 10-11). The mere fact that Smith did not receive a response to his grievance at the second step does not indicate anything regarding a relationship between Grodner and prison officials. Further, though it appears Grodner requested Smith advise her when a second step response was received, she could have proceeded with filing suit upon the expiration of the time period allowed to issue a second step response pursuant to La. Admin Code, tit. 22, Pt. I § 325. The fact that Grodner failed to pursue Smith's action at the appropriate time sounds in legal malpractice, not a constitutional violation.
[24] *See Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that "mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim of conspiracy)).
[25] *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004).
[26] *See Brinkmann*, 793 F.2d at 113; *Arsenaux*, 726 F.2d at 1024.

she is not subject to suit pursuant to § 1983, and Smith's claims against Grodner should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A.

### C. Supplemental jurisdiction over potential state law claims should be denied

To the extent that Smith's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[27] In the instant case, having recommended that Smith's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Smith's potential state law claims and that this matter be **DISMISSED WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[28]

Signed in Baton Rouge, Louisiana, on May 19, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] 28 U.S.C. § 1367.
[28] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."