UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**EARTON SMITH (#305982)**                CIVIL ACTION NO.

**VERSUS**                                19-441-JWD-SDJ

**DONNA U. GRODNER**

## RULING

Before the Court is a Motion for a Temporary Restraining Order or a Preliminary Injunction filed by the *pro se* Plaintiff Earton Smith ("Plaintiff"). For the following reasons, the Motion is denied.

### I.  Background

Plaintiff instituted this action on or about July 3, 2019 against only one Defendant, Donna U. Grodner.[1] In June 2020, Plaintiff's action was dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2] Though the case has been closed for over three months, Plaintiff now brings the instant Motion requesting that the Court enjoin a non-party, Nyesha Davis.[3]

### II.  Law & Analysis

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[4] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[5]

---

[1] R. Doc. 1.
[2] R. Docs. 6, 7, 10, & 11.
[3] R. Docs. 20 & 20-1. It appears Plaintiff is alleging Ms. Davis is interfering with his access to the courts by not properly scanning and submitting Plaintiff's legal documents to the courts.
[4] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors");
[5] *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[6] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[7]

First, any request for injunction in this case fails because Plaintiff's complaint herein was dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[8] and therefore, Plaintiff does not have any likelihood of success on the merits of any request for injunctive relief he may bring related to the instant complaint.[9] Second, it is appropriate to deny the relief requested because the case is closed.[10] Finally, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."[11] Thus, because Plaintiff requests that this Court enjoin an individual who is not a party to this action, it is appropriate to deny relief. Accordingly,

---

[6] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[7] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).
[8] R. Docs. 6, 7, 10, & 11.
[9] Should Plaintiff wish to bring a claim regarding interference of access to the courts against Nyesha Davis, he must file a new suit. The Court does not opine regarding the ultimate likelihood of success of any such claim.
[10] *See Smith v. Deville*, No. 1:16-CV-1211-P, 2018 WL 3719659, at *4 (W.D. La. May 31, 2018), *report and recommendation adopted,* No. 1:16-CV-01211 P, 2018 WL 3715843 (W.D. La. Aug. 3, 2018), *motion to reopen granted* (Sept. 19, 2018), and *report and recommendation adopted sub nom. Smith v. La Dep't of Safety & Corr.,* No. 16-CV-1211, 2019 WL 1212753 (W.D. La. Mar. 14, 2019) (denying a request for temporary restraining order because the case was closed).
[11] *Trevino v. Moore*, No. CA C-09-155, 2009 WL 3261564, at *1 (S.D. Tex. Oct. 8, 2009) citing *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 96 F.3d 1390, 1394 (Fed. Cir.1996) citing *Scott v. Donald,* 165 U.S. 107, 117, 17 S.Ct. 262, 41 L.Ed. 648 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.").

**IT IS ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or a Preliminary Injunction[12] is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 23, 2020.

                                                **JUDGE JOHN W. deGRAVELLES**
                                                **UNITED STATES DISTRICT COURT**
                                                **MIDDLE DISTRICT OF LOUISIANA**

---

[12] R. Doc. 20.