UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARTON SMITH (#305982)                                CIVIL ACTION NO.

VERSUS                                                          19-441-JWD-SDJ

DONNA U. GRODNER

### RULING

Before the Court is a document entitled "Plaintiff's Objection to the Magistrate Judge's Order Filed on August 31, 2020,"[1] which is in reality a motion for reconsideration, filed by the *pro se* Plaintiff, Earton Smith. Plaintiff requests that the Court reconsider its Order[2] denying Plaintiff's request to proceed *in forma pauperis* on appeal. Plaintiff contends that after receiving this Court's order regarding correcting the deficiencies in his Motion for Leave to Appeal *in Forma Pauperis*, he complied with the order and "properly completed motion to proceed in forma pauperis, together with an [sic] properly completed statement of account."[3] He alleges that the documents were received by the Court but returned because Plaintiff failed to comply with Local Rule 5(d)(1), which requires filings by prisoners to be scanned and emailed by an authorized individual at the Louisiana State Penitentiary, where Plaintiff is housed. A review of the record confirms these facts.

Plaintiff avers that prison personnel are conspiring against him and purposely interfering with Plaintiff's access to the courts.[4] Plaintiff requests that this Court consider the documents, which were returned to him but were also scanned into the record prior to the Court returning the

---

[1] R. Doc. 22.
[2] R. Doc. 17.
[3] R. Doc. 22, p. 1.
[4] Should Plaintiff wish to bring this claim, he will need to do so in a new action. The Court does not opine herein regarding the ultimate merits of any such claim.

documents to Plaintiff.[5] Giving Plaintiff the full benefit of the doubt regarding the "issues" he is having with prison personnel scanning his documents, the Court will consider the documents that were returned to Plaintiff in making an determination regarding his Motion for Leave to Appeal *in Forma Pauperis*.[6] Accordingly,

**IT IS ORDERED** that the Order denying Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*[7] is hereby **VACATED**.

Now considering the information provided by Plaintiff in R. Doc. 16-2, including his certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from his account,

**IT IS ORDERED** that the application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915[8] be and is hereby **DENIED** for the following reason:

> Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), for the reasons stated in the Court's Opinion[9] and Amended Opinion[10] dated June 9, 2020 and June 11, 2020, respectively, and the Report and Recommendation[11] dated May 19, 2020, the Court certifies that the appeal is not taken in good faith.

WHEN PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH, THE FOLLOWING SECTION SHALL BE COMPLETED.

> Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal, within thirty (30) days of the date of this Order, with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit. The cost to file a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit is as calculated below, and if the appellant moves to proceed *in forma pauperis* in the Court of Appeals,

---

[5] R. Doc. 22, p. 2.
[6] R. Doc. 14.
[7] R. Doc. 17.
[8] R. Doc. 14.
[9] R. Doc. 6.
[10] R. Doc. 10
[11] R. Doc. 5.

prison authorities will be directed to collect the fees in accordance with the following calculation:

Appellant **EARTON SMITH (#305982)** is assessed an initial partial filing fee in the amount of **$0.00**. The agency having custody of the appellant shall collect this amount from the appellant's trust fund account or institutional equivalent, when funds are available, and shall forward it to the Clerk of Court for the Middle District of Louisiana. Thereafter, the appellant shall pay **$505.00**, the remaining balance of the appellate filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until the appellant has paid the total filing fees of **$505.00**. The agency having custody of the appellant shall collect this amount from the appellant's trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and shall forward such amount to the Clerk of Court for the Middle District of Louisiana.

If the appellant moves to proceed *in forma pauperis* in the Court of Appeals, the Clerk of Court shall mail or deliver by electronic means a copy of this Order to the plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**